IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20690
_____

KIM A. WASHINGTON-GARRETT,

Plaintiff-Appellant,

versus

HAROLD S. BONNER; ROBBY DEWITT;
ALBERT GEE; CHARLES S. HINES,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-97-CV-2698)
_____

September 16, 1999

Before REAVLEY, HIGGINBOTHAM and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff's complaint was dismissed under Rule 12(b)(6) on the ground that the pleading stated no basis for relief under any facts that could be proved consistent with the allegations.

Plaintiff says that the district court erred in ruling that her First Amendment claim was time-barred. She is correct. Her employment was terminated on August 18, 1995. Suit was filed on August 12, 1997, within the two-year limitation period.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Plaintiff says that her property right in employment was deprived without due process. She only made a conclusory statement of expectation of continued employment, inadequate to withstand dismissal. Schultea v. Wood, 47 F.3d 1427, 1434 (5th cir. 1995).

Plaintiff also claims deprivation of a liberty interest due to injury to her reputation, but she has alleged no injury rising to the level of the constitution since damage to one's reputation alone is insufficient. Siegert v. Gilley, 111 S.Ct. 1789, 1794 (1991); Cinel v. Conmick, 15 F.3d 1338, 1343 (5th Cir. 1994).

We affirm the district court's dismissal of the state law claims of intentional infliction of emotional distress and tortious interference for essentially the reasons given by the district court.

The judgment is reversed and the case is remanded only on the First Amendment claim. Otherwise the judgment is affirmed.

AFFIRMED IN PART, REVERSED IN PART. REMANDED.